PER CURIAM
The Office of Disciplinary Counsel ("ODC") commenced an investigation into allegations that respondent pleaded no contest to multiple misdemeanors arising from alcohol-related, offensive conduct, in violation of Rules 8.4(a) and 8.4(b) of the Rules of Professional Conduct. Following the filing of formal charges, respondent and the ODC submitted a joint petition for consent discipline. Having reviewed the petition,
IT IS ORDERED that the Petition for Consent Discipline be accepted and that Frank Stanton Hardee, III, Louisiana Bar Roll number 30325, be suspended from the practice of law for a period of one year and one day. It is further ordered that all but six months of the suspension shall be deferred. Following the active portion of the suspension, respondent shall be subject to a period of probation to coincide with the remaining term of his monitoring agreement with the Judges and Lawyers Assistance Program. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate.
IT IS FURTHER ORDERED that all costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
CRICHTON, J., dissents, would reject petition for consent discipline, and assigns reasons:
I would reject the petition for consent discipline in this matter, as I find it unduly harsh. The Louisiana Constitution vests this Court with original jurisdiction in all "disciplinary proceedings against a member of the bar." La. Const. art. V, § 5 (B). Notwithstanding the fact that petitioner and the Office of Disciplinary Counsel have submitted this matter as a joint petition for consent discipline, I believe - as our Constitution provides - that the seven justices determine if violations of the Rules of Professional Conduct have been proven by clear and convincing evidence and, if so, the appropriate punishment after consideration of applicable aggravating and mitigating circumstances. While I do not condone Mr. Hardee's conduct in any form, in my view, he has satisfied all requirements imposed upon him as a result of these proceedings. Considering the lack of any previous disciplinary record and the positive contributions by Mr. Hardee to his community, I find that in this particular instance, as I have in others, the consent discipline is too severe in light of petitioner's misconduct. See In Re: John Roumain Peters III , 15-775 (La. 5/22/15), 165 So.3d 916 (Crichton, J., would reject petition for consent discipline as unduly harsh); and In Re: Jesse Phillip Terrell, Jr., 15-B-0499 (La. 5/1/15), 166 So.3d 238 (Crichton, J., would reject petition for consent discipline *330 as unduly harsh). Thus, I would instead order a lesser punishment tailored to fit the circumstances surrounding the violations of Rules of Professional Conduct 8.4(a) and (b).
GENOVESE, J., dissents for the reasons assigned by Justice Crichton.